IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

SHARON HOWARD                                              PLAINTIFF

v.                   Case No. 4-06-CV-0000751 JMM

ALLTEL COMMUNICATIONS, INC.
C.J. DUVALL, the Vice President of Human
Resources, DONNA TEETER,
PHOEBE BOHANON, SUE PYBAS,
TEKSYSTEMS, INC. AND JOE SPROTT                            DEFENDANTS

## PROTECTIVE ORDER

Plaintiff has filed this action against Defendants asserting claims under the Family Medical Leave Act, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981 and the Arkansas Civil Rights Act. Plaintiff also asserts that Defendant wrongfully discharged her in violation of public policy. Through discovery, the parties have requested, and will request, certain personnel, financial, business and other documents that may contain sensitive, private and proprietary information that should be kept confidential. Such information will not be disclosed or used except as appropriate and relevant in court proceedings in this case or as set forth in Paragraph (e) below.

IT IS HEREBY ORDERED:

(a)  That the confidential personnel, financial and business documents and information tendered by the parties, whether such information is obtained from documents or direct testimony by the parties, whether such information is obtained from documents or direct testimony by the parties (or any person acting

as the agent or representative of the parties) will be disclosed only to the parties, their counsel, employees of the parties' counsel or expert witnesses retained by the parties, their counsel, employees of the parties' counsel or expert witnesses retained by the parties who are covered and bound by this Order;

(b) That all documents subject to this Order will be so designated by a "C" in the "Bates stamp;"

(c) That neither the parties nor their counsel will disclose said confidential personnel, financial and business records or the contents thereof (including documents used as exhibits in depositions) to any person except as part of the parties' discovery efforts, as evidence in this case, or otherwise as may be permitted by subsequent order of the Court. In addition, to the extent that confidential documents are used at a deposition, the documents will not be made a part of the public record unless filed with the Court under seal;

(d) That the parties, upon the disclosure of confidential personnel, financial and business records or information pursuant to this Protective Order, do not waive any objection to the admissibility of said records and information or any portion thereof in evidence at trial (or other court proceedings) on the grounds of relevancy, privilege, competency or other appropriate grounds;

(e) That, upon conclusion of this case and upon request from the opposing party, the party or their counsel will return all documents (and destroy all copies there) subject to this Protective Order to the requesting party's counsel and provide a verified statement to the requesting party that the party has complied with the letter and spirit of this Protective Order;

(f)     That upon conclusion of this case, counsel for the party may provide counsel for the opposing party with an inventory, identifying all documents and information that are subject to this Order along with a request that copies of such confidential documents and information be retained by counsel for the opposing party for a period of three (3) years.  If such a request is made, counsel for the opposing party will retain copies of all such documents and information for a period of three (3) years.  Further, in the event that malpractice or other disciplinary proceedings are initiated against counsel for the party, he may request copies of such documents and information from counsel for the opposing party, in which case such documents and information will not be unreasonably withheld but will be furnished to counsel for the party for the limited purpose of defending himself in such proceedings.  All such documents and information that may be provided to counsel for the party for this purpose will remain subject to this Order and counsel for the party will, upon conclusion of such proceedings, return all such documents and information to counsel for the opposing party in the manner set forth in Paragraph (e).

IT IS SO ORDERED THIS 17 day of January, 2006.
                                                            2007

_____
James M Moody
UNITED STATES DISTRICT JUDGE

PREPARED BY:

Jack, Lyon & Jones, P.A.
Attorneys at Law
425 W. Capitol Ave.
Little Rock, AR 72201
501-375-1122

By: _____
Stephen. W. Jones, Ark. Bar No. 78083

APPROVED AS TO FORM:

_____
Lucien Gillham
Harrill & Sutter, Attorneys at Law
P. O. Box 26321
Little Rock, AR 72221

_____
R. Scott Summers
Littler Mendelson
A Professional Corporation
3608 N. Steele Blvd., Suite 214
Fayetteville, AR 72703